**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROY D. TAYLOR, ARLETHA FLUD, THOMAS J. WOOD, ERNEST C. HARVEY, II, Individually, and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br>    v.<br><br>FEDEX FREIGHT, INC., an Arkansas Corporation, and DOES 1 through 20, et al.,<br><br>         Defendants. | Case No.: 10-CV-02118-LHK<br><br>ORDER DENYING MOTION TO REMAND |

Defendants removed this action from the Santa Clara County Superior Court based on diversity jurisdiction under the Class Action Fairness Act (CAFA). *See* 28 U.S.C. § 1332(d). Plaintiffs then moved to remand the case to state court. *See* Dkt. No. 19. As discussed below, the Court must DENY Plaintiffs' motion. CAFA's jurisdictional requirements have been met and the Court is therefore without discretion to remand the case.

**I.    BACKGROUND**

On June 18, 2007, Plaintiffs (line haul drivers for Fedex Freight West, Inc.) brought a putative class action against FedEx Freight West ("FedEx West") alleging violations of California law, including California wage and hour laws. *See* Removal (Dkt. No. 1) at 3. At the time the case was filed, FedEx Freight West was a California entity, incorporated and headquartered in California. Removal at 4. Eighteen months later, on December 28, 2008, FedEx West merged

1

Case No.: 10-CV-02118-LHK
ORDER DENYING MOTION TO REMAND

with a related business, FedEx Freight East, Inc., to form a new entity, FedEx Freight, Inc. ("FedEx Freight"). *See* Opp'n. to Mot. to Remand (Dkt. No. 29) at 2. FedEx Freight is incorporated and has its headquarters in Arkansas. *Id*. The state court certified a class (over the objection of FedEx Freight) on September 18, 2009. Removal at 4. Notice of the case was sent to class members on October 23, 2009. *See* Mot. to Remand at 4. The trial was set to begin on October 18, 2010. *See* Ashworth Decl. ISO Mot. to Remand at 2.

In April, 2010, the parties mutually agreed to propose an extension to the deadlines for expert discovery and dispositive motion briefing, and to push back the trial date to February 28, 2011. In the context of these discussions, according to counsel for Plaintiffs, counsel for FedEx Freight requested that Plaintiffs amend their pleadings to name the successor entity, FedEx Freight, instead of its predecessor, FedEx West. *See* Ashworth Decl. at 2. Counsel for FedEx Freight denies this, claiming that the pleading change was proposed by counsel for Plaintiffs, and that FedEx Freight simply did not oppose it. *See* Heverly Decl. ISO Opp'n. to Mot. to Remand (Dkt. No. 30) at 2-3. The parties submitted a stipulation regarding the amendment. Mot. to Remand, Ex. 1 (April 13, 2010 Order). In addition to proposing an amendment of the named Defendant, the stipulation limited the class period to the time up to the FedEx West merger on December 28, 2008. *Id*. The state court signed the stipulation on April 13, 2010. *Id*. Plaintiffs filed a Second Amended Complaint (SAC) on April 23, 2010, naming only FedEx Freight as a Defendant. *See* Removal at 4. On May 18, 2010, FedEx Freight removed the case to this Court on the basis of diversity under CAFA. *See* Removal.

**II.    DISCUSSION**

    **a.  CAFA's Diversity-Jurisdiction Requirements Are Met**

CAFA expands the diversity-based jurisdiction of federal courts to putative class actions wherein at least one defendant is diverse from at least one plaintiff, the putative class has more than 100 members, and the amount in controversy exceeds $5M. 28 U.S.C. § 1332(d). The one-year statute of limitations on removals set by 28 U.S.C. § 1446(b) does not apply to removals under CAFA. 28 U.S.C. § 1453(b). The only timeliness requirement is that removal must be made

2

Case No.: 10-CV-02118-LHK
ORDER DENYING MOTION TO REMAND

within thirty days of service of the amended pleading that made the case removable. 28 U.S.C. § 1446(b).

Regarding party diversity, CAFA requires only "minimal" diversity (between one defendant and one plaintiff). As described above, FedEx Freight is an Arkansas corporation and an Arkansas citizen for diversity purposes. The class members are all alleged to be citizens of California. *See* Mot. to Remand at 8. The parties are therefore diverse.

Plaintiffs appear to concede that the amount in controversy and class size requirements of CAFA are met in this case, as they do not attack the removal on these grounds. *See* Mot. to Remand. FedEx Freight alleged, in its removal papers, that the class consists of over 1,300 individuals. Some class members "opted out" of the case after receiving notice, leaving a total of 1,278 class members. Thus, it appears undisputed that the class contains more than 100 members and the CAFA numerosity requirement is met. Regarding the amount in controversy, the Plaintiffs' SAC does not state the total amount in controversy. In this situation, the removing defendant must show by a preponderance of the evidence that the amount-in-controversy requirement has been met. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (*per curiam*). In its removal papers, FedEx Freight conservatively estimated the amount in controversy to be more than $20M. This estimate is based on the maximum recovery if Plaintiffs' waiting time, wage statement, unpaid wage, and meal-and-rest-period claims are successful. *See* Removal at 11-16. FedEx Freight used the "low end" of the pay range to calculate the wage claims. The Court finds that FedEx Freight has met its burden to show that the amount in controversy is at least $5M by a preponderance of the evidence.

Finally, FedEx Freight's Notice of Removal was timely, as it was filed within thirty days of the filing of the SAC. Under well-settled precedent, the thirty-day clock does not begin running until service of the pleading that renders the case removable. "Under CAFA, class actions and mass actions may be removed at any point during the pendency of litigation in state court, so long as removal is initiated within thirty days after the defendant is put on notice that a case which was not removable based on the face of the complaint has become removable." *Abrego Abrego*, 443 F.3d at 691.

3

Case No.: 10-CV-02118-LHK
ORDER DENYING MOTION TO REMAND

**b. No Exception to CAFA Jurisdiction Applies**

Plaintiffs raise a number of arguments in support of remand, but none of them provide a basis for this Court to remand the case. Plaintiffs argue that because the case initially fit within the "local controversies exception" to CAFA diversity jurisdiction, and because the class definition has been limited to include only violations committed by FedEx West, the Court should consider that the case continues to be governed by the "local controversies exception." 28 U.S.C. § 1332(d)(4). This exception to CAFA prohibits federal courts from exercising jurisdiction over cases if certain conditions are met. One of these conditions is that at least one defendant must share citizenship with a majority of the class. *Id*. ("At least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed."). However, the SAC names only one Defendant— FedEx Freight, a citizen of Arkansas. Thus, the Court has no basis to find that the local controversy exception applies, as there is no defendant with California citizenship. Plaintiffs urge the Court to find FedEx Freight a California citizen in the context of this case, because the actions of the California entity FedEx West are at issue here. *See* Mot. to Remand at 8. However, Plaintiffs cite no legal basis for this. The general rule is that after a merger, a California company's citizenship is determined by that of the surviving entity, not its predecessors. *Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 671-72 (9th Cir. 1986) (citing Cal. Corp. Code § 1107(a)). Therefore, the Court finds that the CAFA local controversies exception does not apply.

In the alternative, Plaintiffs argue that they amended their pleadings only at FedEx Freight's suggestion, without realizing its ulterior motives for proposing the change, and that the Court should not allow the case to be removed based on such a "trick." Mot. to Remand at 3. The Court is certainly concerned about the inevitable loss of judicial efficiency when a case nearly at the end of its life cycle transfers to a new court. However, CAFA does not contain an exception to removal for actions that have been pending in state court for a long period of time; on the contrary, it requires that cases "may be removed at any point during the pendency of litigation in state court . . . ." *Abrego Abrego*, 443 F.3d at 691. Both parties contend there would have been no basis for removal without the substitution of FedEx Freight for FedEx West, and that FedEx Freight would have been liable for the judgment in the action in any case via successor liability. In light of these

4

Case No.: 10-CV-02118-LHK
ORDER DENYING MOTION TO REMAND

facts, it appears that Plaintiffs had nothing to gain by substituting FedEx Freight as the named defendant.  It is unfortunate that Defendant chose to remove this case at such an advanced stage in the proceedings—for example, the Superior Court had already certified and provided notice to the class.  However, given that CAFA provides original federal jurisdiction over this case in its present posture, the Court is without discretion to remand it.  Nonetheless, removal at this late stage will not provide FedEx Freight with any further strategic advantage or delay.  This Court's trial calendar is open and trial can be set at any time.

Finally, Plaintiffs ask the Court to exercise jurisdiction only long enough to vacate the state court's April 13, 2010 order granting the parties' stipulation under Federal Rule of Civil Procedure 60(b), thereby reinstating the previous complaint against California citizen FedEx West, and then remand on the basis of no diversity.  Mot. to Remand at 9-10.  Rule 60(b) allows the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief."  Although Rule 60(b) states that it may be used to correct "mistakes," the Ninth Circuit has held that " . . . Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge that corrects prior erroneous legal advice of counsel."  Plaintiffs argue that their amendment was not deliberate because they did not realize the likely consequences of it; however, this is exactly the type of litigation error that Rule 60(b) cannot correct.  Plaintiffs do not dispute that they signed the stipulation asking the state court for leave to amend their complaint, and then filed the SAC naming only FedEx Freight as a defendant.  Although the Court believes Plaintiffs did not appreciate that this made the case vulnerable to removal, the Court cannot vacate the state court's order on this basis.

### III.     CONCLUSION

Accordingly, the Court DENIES Plaintiffs' Motion to Remand.  The hearing on this motion is hereby VACATED; however, the parties shall appear for the previously-scheduled Case Management Conference on Thursday, October 28, 2010 at 1:30 p.m.  The parties shall submit a proposed schedule for the close of expert discovery, dispositive motion briefing schedule, pretrial

5
Case No.: 10-CV-02118-LHK
ORDER DENYING MOTION TO REMAND

1  conference and trial (including an estimated trial length) in a Joint Case Management Conference
2  to be filed by Wednesday, October 27, 2010.
3  **IT IS SO ORDERED.**
4  Dated: October 26, 2010

_____
LUCY H. KOH
United States District Judge

6

Case No.: 10-CV-02118-LHK
ORDER DENYING MOTION TO REMAND