**LAW OFFICE OF MARY-ALICE COLEMAN**
MARY-ALICE COLEMAN, SBN 098365
lawoffice@maryalicecoleman.com
JAMES C. ASHWORTH, SBN 151272
james.ashworth@lawofficemac.com
1109 Kennedy Place, Suite 2
Davis, CA 95616
Telephone:  (916) 498-9131
Facsimile:  (916) 304-0880

**LAW OFFICES OF MICHAEL L. CARVER**
MICHAEL L. CARVER, SBN 173633
carverm@aol.com
MICHELLE M. LUNDE, SBN 246585
mlunde@carverlaw.com
1600 Humboldt Road, Suite 3
Chico, California  95928
Telephone:   (530) 891-8503
Facsimile:   (530) 891-8512

Attorneys for Plaintiffs ROY D. TAYLOR,
ARLETHA FLUD, THOMAS J. WOOD,
ERNEST C. HARVEY, II, individually,
and on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ROY D. TAYLOR, et al., | Case No. 5:10-cv-02118 LHK |
| Plaintiffs, | |
| v. | ~~PROPOSED~~ ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT |
| FEDEX FREIGHT, INC., et al., | |
| Defendants. | |

The Court, having fully reviewed the Motion for Preliminary Approval of Class Action Settlement, the Stipulation and Settlement of Class Action Claims ("Agreement"), and Exhibits in support thereof, and having carefully reviewed the Agreement and the proposed Notice of

1

Pendency of Class Action and Proposed Settlement, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed Class Action settlement, and if preliminarily determined to be reasonable, to provide notice to Class Members in accordance with due process requirements, and to schedule a formal Final Settlement Hearing to determine the good faith, fairness, adequacy and reasonableness of any proposed settlement;

HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

This action was originally filed in Santa Clara County Superior Court on June 18, 2007 against FedEx Freight West, Inc. alleging wages owed and violations of California's meal and rest period requirements. The parties mediated the case in October 2008 before retired magistrate Edward Infante. The mediation failed. On December 28, 2008, FedEx Freight West, Inc, was acquired by FedEx Freight, Inc. (collectively, "FEDEX" herein) which continued to litigate in the name of FedEx Freight West, Inc. In June, 2009, Plaintiffs filed their motion for class certification. The Order granting certification was entered September 18, 2009, certifying the class of Line Drivers from June 18, 2003 to July 23, 2009.

In early 2010, the parties agreed to the filing of an amended complaint, naming FedEx Freight, Inc as the sole Defendant. The Complaint was amended, and the action was removed under the Class Action Fairness Act on May 18, 2010. On February 17, 2011, the Parties participated in full-day mediation with Lisa Klerman, Esq. serving as mediator. Although the initial mediation session with Ms. Klerman was unsuccessful, the parties continued telephonic settlement discussions through Ms. Klerman. The parties mediated with Ms. Klerman in a second full-day mediation on June 7, 2011. As a result of the mediation sessions and these arms length negotiations, the Parties reached an agreement set forth in the Stipulation.

The Parties propose the class be defined as it was in the original certification order as: "All persons who were employed by FedEx Freight West, Inc., (currently known as FedEx Freight, Inc.) as a 'line haul driver,' including pick up and delivery (P&D) drivers to the extent they performed line haul services and were paid for those services pursuant to the line haul pay plan, in California on or after June 18, 2003 through July 23, 2009." This class definition is

consistent with the definition in the State Court case, and encompasses all Class Members who were provided notice of the class certification in 2009.

The Court finds on a preliminary basis that the Agreement filed with, incorporated herein by this reference and made a part of this Preliminary Approval Order, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court.  It further appears to the Court on a preliminary basis, that the settlement amount is fair and reasonable to Class Members when balanced against the probable outcome of further litigation relating to the propriety of class certification, the ultimate trial on liability and damages issues, and the potential appeals of rulings.

It further appears that significant discovery, investigation, research, and litigation has been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions.  It further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation.  It further appears that the proposed Settlement has been reached as the result of intensive, serious and non-collusive negotiations between the parties.

It further appears that Plaintiffs Roy D. Taylor, Thomas J. Wood, Arletha Flud and Earnest C. Harvey, II are suitable class representatives, as were employed by Defendants as Line Drivers during the Class Period, each have representative claims, and no conflict with the Class exists;

ACCORDINGLY, GOOD CAUSE APPEARING, THE MOTION FOR PRELIMINARY APPROVAL IS HEREBY GRANTED, THE CLASS CERTIFICATION IS AFFIRMED AND MICHAEL L. CARVER, LABOR LAW OFFICE, A.P.C. AND MARY-ALICE COLEMAN, LAW OFFICES OF MARY-ALICE COLEMAN ARE CONFIRMED AS CLASS COUNSEL, AND PLAINTIFFS ROY D. TAYLOR, THOMAS J. WOOD, ARLETHA FLUD AND EARNEST C. HARVEY, II ARE DEEMED CLASS REPRESENTATIVES;

Consistent with the definitions provided in the Agreement, the term "Class Members" includes "All persons who were employed by FedEx Freight West, Inc., (currently known as

10-CV-2118: ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

FedEx Freight, Inc.) as a 'line haul driver,' including pick up and delivery (P&D) drivers to the extent they performed line haul services and were paid for those services pursuant to the line haul pay plan, in California on or after June 18, 2003 through July 23, 2009."  The "Class", "Classes" and "Class Members" excludes those persons who properly exclude themselves from the terms of the Settlement.

Further, the Court finds that the proposed Settlement Administrator, Simpluris, Inc., is an adequate claims administrator, and the proposed Notice of Pendency of Class Action and Proposed Settlement ("Class Notice"), which advises the Class Members of the Preliminary Approval of the Settlement, the timing and procedures for filing a claim, and the date of the Final Settlement Hearing, in the form attached to the Agreement as Exhibit 2 and incorporated herein by this reference and made a part of this Preliminary Approval Order, fairly and adequately advises Class Members of the terms of the proposed Settlement and the benefits available to Class Members and of the formal Final Settlement Hearing to be conducted on January 26, 2012 at 1:30 p.m. and the right of Class Members to file documentation in support of or in opposition to the Settlement, and procedures for appearing at said hearing; the Court further finds that said Notice clearly comports with all constitutional requirements, including those of due process; the Court further finds that the proposed Class Notice and the Claim Form, are reasonable and adequate and will likely assist Class Members in the claims process;

ACCORDINGLY, GOOD CAUSE APPEARING, THE COURT HEREBY APPROVES THE PROPOSED CLAIMS ADMINISTRATION PROCESS, THE PROPOSED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT, AND THE CLAIM FORM.

The mailing to the present or last known address of present and former employees and an address update search for Class Members, constitutes an effective method of notifying Class Members of their rights with respect to the Class Action and Settlement;

ACCORDINGLY, IT IS HEREBY ORDERED THAT THE PROCEDURES SET FORTH IN THE AGREEMENT AND THE FOLLOWING SCHEDULE BE ESTABLISHED AND FOLLOWED, UNLESS MODIFIED BY THE COURT:

10-CV-2118: ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

| Event | Timing |
|---|---|
| Preliminary Approval of Settlement | Tuesday September 20, 2011 |
| Defendant provides list of Class Members to the Claims Administrator. | Friday September 30. 2011 |
| Claims Administrator mails Notice Packet (Notice & Claim Form) to Class Members. | Monday October 10, 2011 |
| Deadline for Objection And/Or Notice of Intent To Appear At Fairness Hearing | Wednesday November 9, 2011 |
| Deadline for Class Members to submit Claim Forms or Opt-Out | Monday November 28, 2011[1] |
| Claims Administrator provides declaration of Mailing Class Notice and Claim Form. | Tuesday January 10, 2012 |
| Plaintiffs file Motion for Final Approval. | Friday January 13, 2012 |
| Final Approval Hearing. | Thursday January 26, 2012 at 1:30 p.m. |
| Defendants fund the settlement fund (QSF) | 10 business days after Effective Date |
| Claims Administrator mails checks to Eligible Class Members, LWDA, Plaintiffs and Class Counsel. | 20 business days of the Effective Date |
| Claims Administrator provides declaration of mailing checks to Eligible Class, and if uncashed, to a cy pres recipient. | 150 days after Effective Date |

IT IS FURTHER ORDERED that no person, except Class Counsel and Counsel for Defendant, shall be heard in opposition to the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement, the requested attorneys' fees and litigation expenses, the proposed Class Representative Enhancements and/or any Order of Dismissal with Prejudice and Final Judgment regarding such Settlement, unless such person has

---

[1] Although the parties originally agreed to a 45 day claims period, the 45th day fell on Thursday November 24, 2011, which is Thanksgiving Day. As such, the claims period has been extended an additional 4 days so that the last day for Claimants to submit a claim is Monday November 28, 2011.

complied with the conditions set forth in the Notice of Pendency of Class Action and Proposed Settlement, which conditions are incorporated herein;

IT IS FURTHER ORDERED all briefs supporting or opposing the Settlement shall be served and filed at least ten (10) Court days before the Final Approval Hearing;

IT IS FURTHER ORDERED that if for any reason the Court does not execute and file an Order of Dismissal with Prejudice and Final Judgment, or if the "Effective Date" of Settlement, as defined in the Agreement, does not occur for any reason whatsoever, the proposed Agreement, and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo and the rights of the parties to the litigation as more specifically set forth in the Agreement;

IT IS FURTHER ORDERED that the Final Approval Hearing shall be held before the undersigned at 1:30 p.m. on January 26, 2012, at the United States District Court, Northern District of California, San Jose Division, Courtroom 8 to consider the fairness, adequacy and reasonableness of the proposed Settlement, preliminarily approved by this Preliminary Approval Order, and to consider the application of Class Counsel, for an award of reasonable attorneys' fees, costs and expenses incurred, and the request for Class Representative Service Fees for Plaintiffs Roy D. Taylor, Thomas J. Wood, Arletha Flud and Earnest C. Harvey, II.

IT IS SO ORDERED.

Dated: September 20, 2011

_Lucy H. Koh_
Honorable Lucy H. Koh
United States District Court Judge

10-CV-2118: ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT