UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROY D. TAYLOR, et al., | **Case No. 5:10-cv-02118 LHK** |
| Plaintiffs, | |
| v. | STIPULATED ORDER RE AMENDED NOTICE PERIOD FOR ADDITIONAL CLASS MEMBERS |
| FEDEX FREIGHT, INC., et al., | |
| Defendants. | |

WHEREAS, on or about September 20, 2011, this Court issued an order granting Preliminary Approval of the class action settlement that was filed by the Class on July 22, 2011. Pursuant to that Order, the parties, through the Claims Administrator, were to give notice to class members regarding the settlement on or before October 10, 2011, and to provide class members 45 days in which to respond to the notice and file a claim. The current claims deadline is set for November 28, 201, and the hearing on the motion for final approval of the class action settlement is set for January 26, 2012.

WHEREAS, on or about October 10, 2011, the majority of the notices were mailed to Class Members, and the Claims Administrator has been receiving and tracking Class Member claims.

WHEREAS, the parties recently received notification from the Claims Administrator that approximately 80 Class Members were inadvertently omitted from the original notice mailing ("Omitted Class Members") and have not yet received notice of the settlement;

WHEREAS, there is insufficient time between now and the current claims deadline for the 80 Omitted Class Members to receive notice and an opportunity to file a claim.

NOW THEREFORE, the parties stipulate, by and through their respective counsel, that the Court enter the following Order:

1. Approving the attached Amended Notice and Claim Form to be provided to the Omitted Class Members;
2. Setting a deadline for mailing of the Amended Noticed to Omitted Class Members of November 23, 2011;
3. Allowing 30 days, to December 23, 2011, for the Omitted Class Members to file a notice of objection and/or file a notice of intent to appear at the Final Approval Hearing; and
4. Allowing at least 45 days, to January 9, 2012, for the Omitted Class Members to make a claim or to opt out of the settlement.

By setting these dates, the parties will be able to comply with all remaining deadlines, including the filing of the Motion for Final Approval by January 13, 2012. Further, the modification of the original Order and the setting of these new dates will not affect the January 26, 2012 hearing date for the motion or any other related dates.

Dated: November 21, 2011

          /s/ *Michelle B. Heverly*
MICHELLE B. HEVERLY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
FEDEX FREIGHT, INC.

Dated: November 21, 2011

          /s/ *Michael L. Carver*
MICHAEL L. CARVER
LAW OFFICES OF MICHAEL L. CARVER
Attorneys for Plaintiffs

STIPULATED ORDER RE AMENDED NOTICE FOR ADDITIONAL CLASS MEMBERS

**ORDER**

The Court having reviewed the foregoing joint stipulation, IT IS HEREBY ORDERED as follows:

1. The attached Amended Notice and Claim Form are approved for mailing to Omitted Class Members;
2. The Amended Noticed to Omitted Class Members shall be mailed on or before November 23, 2011;
3. The Omitted Class Members shall have until December 23, 2011, to file a notice of objection and/or file a notice of intent to appear at the Final Approval Hearing; and
4. The Omitted Class Members shall have until January 9, 2012, to make a claim or to opt out of the settlement.

No other deadlines shall be modified by this Order.

Dated: November 23, 2011

Honorable Lucy H. Koh
United States District Court Judge

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
UNITED STATE DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

*Roy D. Taylor, et al., v. FedEx Freight, Inc., et al (Case No.5:10-cv-02118 LHK)*

# If you worked as a Line Haul Driver for FedEx Freight, Inc., in California, you could get a payment from a class action settlement.

*The United States District Court authorized this notice.  This is not a solicitation from a lawyer.*

This document describes your rights with respect to the *Taylor* class action.  Please read it carefully.  The details of the action and settlement are described below, but the relevant points are as follows:

- A settlement of a class action lawsuit for $5,250,000, will provide about $3,275,000 to pay claims by California line haul drivers employed by FedEx Freight West, Inc., currently known as FedEx Freight, Inc., ("FedEx") from June 18, 2003 to July 23, 2009.
- The settlement resolves a lawsuit in which some line haul drivers claimed that FedEx failed to pay all wages owed and failed to provide meal and rest periods to them;
- FedEx denied all liability and vigorously defended its payroll practices as lawful;
- The parties agreed that the settlement was reasonable to avoid the costs and risks associated with continuing the lawsuit;
- The settlement pays money to line haul drivers like you and releases FedEx from liability;
- Court-appointed lawyers for the line haul drivers will ask the Court for up to $1,750,000 from the settlement as fees (33-1/3% of the total settlement amount), and up to $120,000 for expenses for investigating the facts, litigating the case and negotiating the settlement;
- The two sides disagree on whether or not Plaintiffs could have prevailed at trial and, if so, how much money could have been won;
- The Court in charge of this case still has to decide whether the settlement is fair and whether to approve the settlement.  Payments will be made if the Court approves the settlement and after appeals are resolved.  Please be patient.
- Your legal rights are affected whether you act, or do not act.  These rights and options—**and the deadlines to exercise them**—are explained in this notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment from this lawsuit. |
| EXCLUDE YOURSELF | Get no payment from this settlement.  If you exclude yourself you may seek a recovery in another lawsuit. |
| OBJECT | Write to the Court about why you do not like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment.  Give up your rights. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|

BASIC INFORMATION …………………………..………………  PAGE 3
    1. Why did I get this notice package?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a settlement?

WHO IS IN THE SETTLEMENT……………………………………  PAGE 4
    5. How do I know if I am part of the settlement?
    6. Are there exceptions to being included?
    7. I am still not sure if I am included.

THE SETTLEMENT BENEFITS—WHAT YOU GET…………………..  PAGE 4
    8. What does the settlement provide?
    9. How much will my payment be?

HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM ……  PAGE 5
    10. How can I get a payment?
    11. When would I get my payment?
    12. What am I giving up to get a payment or stay in the Class?

EXCLUDING YOURSELF FROM THE SETTLEMENT…………………  PAGE 6
    13. How do I get out of the settlement?
    14. If I do not exclude myself, can I sue FedEx for the same thing later?
    15. If I exclude myself, can I get money from this settlement?

THE LAWYERS REPRESENTING YOU….……………………………..  PAGE 6
    16. Do I have a lawyer in the case?
    17. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT………………...……………….  PAGE 7
    18. How do I tell the Court that I do not like the settlement?
    19. What is the difference between objecting and excluding?

THE COURT'S FAIRNESS HEARING…………………………………  PAGE 7
    20. When and where will the Court decide whether to approve the settlement?
    21. Do I have to come to the hearing?
    22. May I speak at the hearing?

IF YOU DO NOTHING……………………………….…………………  PAGE 8
    23. What happens if I do nothing at all?

GETTING MORE INFORMATION……………………………………..  PAGE 8
    24. Are there more details about the settlement?

# BASIC INFORMATION

## 1. Why did I get this notice package?

The records of FedEx Freight, Inc., ("FedEx") indicate you worked as a line haul driver in California between June 18, 2003 and July 23, 2009. You were sent this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options before the Court decides whether to finally approve the settlement. If the Court approves it and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court, Northern District of California, San Jose Division and the case is known as *Roy D. Taylor, et al. (Plaintiffs) vs. FedEx Freight, Inc. (Defendant)*. The person who sued is called Plaintiff, and the company he sued, FedEx, is called Defendant.

## 2. What is this lawsuit about?

This lawsuit was initiated in 2007, by four line haul drivers from the Sacramento service center. It has been litigated for over 4 years in both state and federal court. The drivers who brought the suit claimed that FedEx failed to pay all wages owed to them and to other California line haul drivers, including pay for missed meal and rest periods and pay for other work time. The lawsuit also claimed FedEx failed to timely and fully pay final wages due at termination, and failed to furnish accurate itemized wage statements. A complete list of the legal terms describing the claims is in the "RELEASE" section of the Claim Form that you received with this Notice.

FedEx denied that it did anything wrong. FedEx contended that it properly paid all wages owed, properly provided meal and rest periods, provided lawful itemized wage statements and properly paid all wages upon termination of employment. FedEx contended that none of the claims alleged by the line haul drivers had merit. FedEx believes that it would have succeeded in Court.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Roy D. Taylor, Thomas J. Wood, Arletha Flud and Earnest C. Harvey, II), sue on behalf of people who have similar claims. All these people comprise a Class and are referred to as Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. Why is there a settlement?

In order to avoid the costs and risks associated with trial, the parties agreed to resolve the case through settlement. The Court did not decide in favor of the line haul drivers or in favor of FedEx. There has been no finding that FedEx did anything wrong, and there has been no trial. Rather, the Class Representatives and the attorneys think the settlement is best for all Class Members and the Court has agreed.

The Court has given its preliminary approval to the settlement, and confirms that Roy D. Taylor, Thomas J. Wood, Arletha Flud and Earnest C. Harvey, II are the Class Representatives and attorneys Michael L. Carver, Law Offices of Michael L. Carver., and Mary-Alice Coleman, Law Office of Mary-Alice Coleman are the attorneys for the Class Members (the "Class Counsel").

# WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

### 5. How do I know if I am part of the settlement?

The Judge decided that everyone who fits this description is a Class Member:

> "All persons who were employed by FedEx Freight West, Inc., (currently known as FedEx Freight, Inc.) as a 'line haul driver', including pick-up and delivery (P&D) drivers to the extent they performed line haul services and were paid for those services pursuant to the line haul pay plan, in California on or after June 18, 2003 through July 23, 2009."

This means that if you worked as a regular line haul driver in California between the dates listed (the "Class Period"), or if you were a Combo or P&D driver in California between the dates listed and you occasionally performed line haul services, you are a Class Member. If you were on leave of absence during the Class Period, or if you were domiciled outside of California during any or all of the Class Period, you are not a Class Member during that time.

### 6. Are there exceptions to being included?

Yes. If you are a Class Member, you have the option of excluding yourself as stated in Section 13 below. If you do nothing, you will be a Class Member.

### 7. I am still not sure if I am included.

If you are still not sure whether you are included, you can call the Claims Administrator at 1-888-836-1461 or Class Counsel at (877) 219-8481 (Toll Free) for more information. Or, you can fill out and return the Claim Form described in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 8. What does the settlement provide?

FedEx has agreed to pay up to $5,250,000 to settle this lawsuit. Out of the settlement fund, the Class Representatives Taylor, Wood, Harvey and Flud will ask for additional compensation for their services as Class Representatives ($25,000 for Taylor, $17,500 for Wood and Harvey and $10,000 for Flud). Class Counsel will ask for $1,750,000 for attorneys' fees (33-1/3% of the total settlement amount), and up to $120,000 for costs, and the Claims Administrator will ask for up to $20,000 for administering the settlement. $20,000 of the settlement will be paid under the Private Attorneys General Act ("PAGA"), of which $15,000 will be paid to the State of California Labor and Workforce Development Agency and $5,000 will be paid to the Claimants. The money remaining in the settlement fund, up to approximately $3,275,000 (the "Net Settlement Amount") will be available for distribution to Class Members who have submitted a valid Claim Form, based on the number of weeks they worked.

### 9. How much will my payment be?

Your share of the fund will depend on the number of valid Claim Forms that Class Members send in and how many weeks you worked as a line haul driver. Here's how it works:

There were about 700 full-time line haul drivers and an additional 600 P&D and Combo Drivers who occasionally performed line haul driver duties, from June 18, 2003 to July 23, 2009. The 600 P&D and Combo drivers will share in up

to $65,500 of the settlement amount, divided on a *pro rata* basis, depending on the length of their employment during the Class Period, and based on the number of such drivers who make claims.

The regular line haul drivers will share in the remaining Net Settlement amount, and based upon the information provided by Defendant, the Claims Administrator will calculate the total number of Compensable Work Weeks worked by these Class Members during the Class Period. The funds payable to the class will be divided *pro rata,* based upon a point system, using the following workweek credit formula:

a. Each Class Member will receive one point for each week employed during the Class Period, unless the Class Member was on a leave of absence for that workweek;

b. Each Class Member who left employment during the Class Period will receive one additional point to compensate him or her for any waiting time penalty claim. Each Class Member who was transferred from FedEx Freight West, Inc., to FedEx Freight, Inc., on or about December 28, 2008, will not receive additional points, unless they were actually terminated from one company or the other.

c. To compensate the Class Member for claims that are unique to layover drivers, employees who indicate they worked a layover route more than 50% of the time will receive an additional allocation of workweeks equal to 10% of their total allocation.

d. The number of Class Members who send in Claim Forms varies widely from case to case, and not all Class Members will submit claims. If every Class Member sends in a Claim Form, the average payment for a Class Member who was a regular line haul driver could be over $24 for each week worked as a line haul driver. Payments for drivers who only occasionally ran line haul runs will be significantly less than this amount. Here, at least 65% of the Net Settlement Sum of $3,275,000 must be distributed. If less that 65% is claimed, the amount paid to each Claimant will be increased on a *pro rata* basis until at least 65% of the fund is paid out.

If there is any dispute about weeks worked or layover routes performed, FedEx records control, unless the Class Member can provide persuasive documentary evidence to the contrary, as determined by the Claims Administrator. The number of weeks that FedEx's records show that you worked in each position during the Class Period is listed on your Claim Form. You may have worked more than the dates shown, but the only time that is relevant to this settlement is the time period between June 2003 and July 2009.

Your Claim amount will be calculated based on 75% wages, for which you will receive an IRS Form W-2, and 25% will be interest and penalties, for which you will receive an IRS Form 1099. You are responsible for paying your taxes on any amount you receive. This Notice is not tax advice and you should consult your tax advisor. Checks will be valid for 90 days. The proceeds of any uncashed checks will donated to a non-profit group selected by the parties.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

### 10. How can I get a payment?

To qualify for payment, you must send in the Claim From that is attached to this Notice. You may also get a Claim Form by calling the Claims Administrator at 1-888-836-1461. Read the instructions carefully and fill out the form, sign it, and mail it postmarked no later than Monday, January 9, 2012. Late claims will not be considered, absent good cause.

### 11. When would I get my payment?

The Court will hold a hearing on **January 26, 2012**, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain when these appeals can be resolved, and resolving them can take time, perhaps more than a year. To check on the progress of the settlement, call the Claims Administrator at 1-888-836-1461, or contact Class Counsel. *Please be patient.*

| 12. What am I giving up to get a payment or stay in the Class? |
|---|

Unless you exclude yourself, you are part of the Class. This means that you cannot sue FedEx, nor can you continue to sue, or be part of any other lawsuit against FedEx about the legal issues in or related to *this* case. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the Claim Form, you will agree to the "Release" on the Claim Form, which describes exactly the legal claims that you give up if you do not exclude yourself.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue FedEx on your own about the legal issues in this case, then you must take steps to get out of this case. This is called excluding yourself - or is sometimes referred to as "opting out" of the settlement Class.

| 13. How do I get out of the settlement? |
|---|

To exclude yourself from the settlement, you must send a letter by mail saying simply that you want to be excluded from the *Taylor, et al., vs. FedEx Freight, Inc.,* case. No special language is required. Be sure to include your name, address, telephone number, and print and sign your name. You must mail your exclusion request to the Settlement Claims Administrator at the address below, postmarked no later than **Monday January 9, 2012** to:

Taylor, et al. v. FedEx Freight, Inc. Claims Administrator
c/o Simpluris, Inc.
PO Box 26170
Santa Ana CA 92799

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) FedEx in the future.

| 14. If I do not exclude myself, can I sue FedEx for the same thing later? |
|---|

No. Unless you follow the procedure to exclude yourself, you give up any right to sue FedEx for the claims that this settlement resolves. If you have a pending lawsuit or claims against FedEx, you are advised to speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit if it involves the same or related issues. Remember, the exclusion deadline is **Monday, January 9, 2012**.

| 15. If I exclude myself, can I get money from this settlement? |
|---|

No. If you exclude yourself, <u>do not send in a Claim Form to ask for any money</u>, as you can only get money from this settlement if you do not exclude yourself form its terms.

## THE LAWYERS REPRESENTING YOU

| 16. Do I have a lawyer in this case? |
|---|

The Court has appointed Michael L. Carver, Law Offices of Michael L. Carver of Chico, California and Mary-Alice Coleman, Law Offices of Mary-Alice Coleman of Davis, California to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers, although they will be compensated from the Settlement Fund as discussed in Section 8 and 17. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Class counsel will ask the Court to approve payment of up to $1,750,000 to them for attorneys' fees (33-1/3% of the total settlement), and up to $120,000 for costs.  The fees will pay Class Counsel for investigating the facts, litigating the case and negotiating and finalizing the settlement.  These amounts will not reduce the approximately $3,275,000 available for Class Members.  FedEx has agreed not to oppose these fees and expenses.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 18. How do I tell the Court that I do not like the settlement?

If you are a Class Member, you can object to the settlement if you do not like it.  You can give reasons why you think the Court should not approve the settlement and the Court will consider your views.  To object, and to have the Court hear your views, you must send a letter saying that you object to the *Taylor, et al., v. FedEx Freight, Inc.* settlement.  Be sure to include your name, address, telephone number, your printed and signed name, and the legal and factual reasons you object to the settlement. Mail the objection to each of these three different places postmarked no later than **Friday, December 23, 2011**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| United States District Court<br>Northern District of CA<br>San Jose Division<br>280 South First Street<br>San Jose, CA 95113-3002 | Michael L. Carver<br>Law Offices of Michael L. Carver<br>1600 Humboldt Rd. Suite 3<br>Chico, CA 95928 | Keith Jacoby<br>Michelle Heverly<br>Littler Mendelson<br>50 West San Fernando Street,<br>15th Floor<br>San Jose, CA 95113 |

### 19. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the settlement.  You can object only if you stay in the Class, and even if you object you are entitled to a portion of the settlement.

Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.  You will receive no money under the settlement if you exclude yourself.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.  *You may only speak at the hearing if you follow the instructions below*.

### 20. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 1:30 p.m. on Thursday, January 26, 2012, at the United States District Court, Northern District of California, San Jose Division, 280 South First Street, San Jose, California, in Courtroom 8, 4th Floor.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections and they have been properly lodged, the Court will consider them.  The Judge will listen to people who have asked to speak at the hearing.  At or after the hearing, the Court will decide whether to approve the settlement.

| 21. Do I have to come to the hearing? |

No. Class Counsel will answer questions the Judge may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required.

| 22. May I speak at the hearing? |

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear" in the *Taylor, et al., vs. FedEx Freight, Inc.,* settlement. Be sure to include your name, address, telephone number, and your printed and signed name. Your Notice of Intention to Appear must be postmarked no later than **Friday, December 23**, **2011**, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in question 18. You cannot speak at the hearing if you excluded yourself, and you will not be able to speak unless you timely file a Notice of Intention to Appear.

## IF YOU DO NOTHING

| 23. What happens if I do nothing at all? |

If you do nothing, you will not receive any money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against FedEx about the legal issues in this case ever again.

## GETTING MORE INFORMATION

| 24. Are there more details about the settlement? |

This notice summarizes the proposed settlement. You may call or contact Michael L. Carver, Law Offices of Michael L. Carver, 1600 Humboldt Rd. Suite 3, Chico, CA 95928, or by calling (877) 219-8481 (Toll Free) if you would like more information about the case. You may also go to the Court Clerk's office, 280 South First Street, San Jose, California, during regular business hours and view the Court file in *Roy D. Taylor, et al.(Plaintiff) vs. FedEx Freight, Inc., (Defendant), Case No. 5:10-cv-01228 LHK.*

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE OR FEDEX WITH INQUIRIES.

Date: November __, 2011

This Notice has been approved by the Judge of the United States District Court.

**Taylor, et al. v. FedEx Freight, Inc.**
**Claims Administrator**
c/o Simpluris, Inc.
PO Box 26170
Santa Ana, CA 92799
(888) 836 – 1461

## CLAIM FORM

### PLEASE PRINT CLEARLY

«Barcode»    «BarcodeString»
    SIMID  «SIMID»
    «FirstName» «LastName»
    «Address1» «Address2»
    «City» «State»  «Zip»

Name/Address Changes:
_____
_____
_____

XXX – XX - ___ ___ ___ ___
Social Security Number

(__ __ __ ) __ __ __ - __ __ __ __
Daytime Telephone Number

If you are – or were – a line haul driver, including a P&D or Combo driver to the extent you performed line haul services and were paid for those services pursuant to the line haul pay plan of FedEx Freight West, Inc., currently known as FedEx Freight, Inc., ("FedEx") in the State of California during the period June 18, 2003 to July 23, 2009, ("Class Period"), you may be eligible to participate in the Settlement of the above class action, *Taylor, et. al., v. FedEx Freight, Inc.*, Case No. 5:10-cv-02118 LHK United States District Court, Northern District of California, San Jose Division.

Pursuant to the Order of the United States District Court, Northern District of California, San Jose Division, dated September 20, 2011, and amended on November __, 2011, in order to receive payments resulting from the Settlement, you must sign this Claim Form under penalty of perjury and return it by regular mail, postmarked no later than **January 9, 2012** to the following address:

Taylor, et al., v. FedEx Freight, Inc. Claims Administrator
c/o Simpluris, Inc.
PO Box 26170
Santa Ana, CA 92799

If you fail to submit your Claim Form by that date, your claim will be rejected and you will not receive any money in connection with the Settlement (although you will be bound by the other provisions of the Settlement Agreement approved by the Court).  A Claim Form will be deemed submitted when postmarked by no later than **January 9, 2012**.

### CLAIM INFORMATION

Company records show that you worked for FedEx in the State of California during the Class Period (June 18, 2003 to July 23, 2009) in the position(s) indicated below (either line haul or Combo/P&D).  If you believe the dates listed below are incorrect, you may send a letter to the Claims Administrator along with this Claim Form indicating what you believe the correct dates are.  You must send documents or other written information that support your belief.  The Claims Administrator will resolve any dispute based upon FedEx's records and any information you provide.

**Position:** [Total Positions]

**Qualified Dates during Class Period:**    [State Date1] to [End Date1]. [Workweeks1] workweeks.
[State Date2] to [End Date2]. [Workweeks2] workweeks
[State Date3] to [End Date3]. [Workweeks3] workweeks

Did you work a layover route more than 50% of the time?  **Yes** ____ or **No** ____

# RELEASE

I have received the Notice of Pendency of Class Action, Proposed Settlement and Hearing. I submit this Claim Form under the terms of the Proposed Settlement described in the Notice of Pendency of Class Action and Proposed Settlement. I also submit to the jurisdiction of the United States District Court with respect to my claim as a class member and for purposes of enforcing the release of claims stated in the Settlement Agreement. I further acknowledge that I am bound by the terms of any court judgment that may be entered in this class action. I agree to furnish additional information to support this claim if required to do so.

Upon receipt of my share of the Settlement Amount, I hereby release FedEx and its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, owners, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys (the "Released Parties"), from the "Released Claims." For purposes of this Agreement, the "Released Claims" are defined as any and all claims or causes of action that are based on or reasonably relate to the claims asserted in the Complaint by Plaintiffs pursuant to the terms stated in this Agreement), including claims for: (1) failure to pay minimum and regular wages, waiting time, on-call time, rest time, pre and post trip inspection time, (2) failure to pay premium wages for missed meal and rest periods, (3) failure to timely and fully pay final wages due at termination, (4) failure to furnish accurate itemized wage statements, (5) unlawful business practices in violation of Business & Professions Code sections 17200, *e.t seq.* related to the alleged claims, (6) recovery of related penalties, interest, actual damages, liquidated damages, punitive damages, costs, attorneys' fees, injunctive relief or accounting, including penalties based upon the Industrial Welfare Commission Wage Orders and/or under California Labor Code, and (7) penalties under Labor Code section 2698, *et seq.* (the Private Attorneys General Act of 2004, as amended (the "PAGA")) based upon any alleged violation of any Labor Code as alleged in the Action, except for Workers Compensation claims. This release also covers any claims resulting from the alleged failure to pay wages, including, but not limited to any claims that the settlement amounts or amounts that are claimed to be owed have any effect on the eligibility for, or calculation of, any employee benefits of the Class Members.

I agree that I have expressly waived the provisions, of Section 1542 of the California Civil Code (or other similar provision) regarding the Released Claims, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

I agree that I will not make a claim against any of the Released Parties that is in any way related to the Released Claims.

---

**Taxpayer Identification Number Certification - Substitute IRS Form W-9**

*Enter your Social Security Number:*  ☐☐☐ -- ☐☐ -- ☐☐☐☐

*Under penalties of perjury, I certify that:*

1. The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); **and**
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**
3. I am a U.S. person (including a U.S. resident alien).

*Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.*

***The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.***

---

I declare under penalty of perjury under the laws of the State of California that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this Claim Form and Release, and agree to abide by the terms of the Notice and this Claim Form and Release.

Executed this _____ day of _____, 2011,

at _____, _____.
   city        state

Your Signature: _____

Your Name: _____
 (Print) Last   First   Middle