**LAW OFFICE OF MARY-ALICE COLEMAN**
MARY-ALICE COLEMAN, SBN 098365
lawoffice@maryalicecoleman.com
JAMES C. ASHWORTH, SBN 151272
james.ashworth@lawofficemac.com
1109 Kennedy Place, Suite 2
Davis, CA 95616
Telephone:  (916) 498-9131
Facsimile:  (916) 304-0880

**LAW OFFICES OF MICHAEL L. CARVER**
MICHAEL L. CARVER, SBN 173633
carverm@aol.com
MICHELLE M. LUNDE, SBN 246585
mlunde@carverlaw.com
1600 Humboldt Road, Suite 3
Chico, California  95928
Telephone:  (530) 891-8503
Facsimile:  (530) 891-8512

Attorneys for Plaintiffs ROY D. TAYLOR,
ARLETHA FLUD, THOMAS J. WOOD,
ERNEST C. HARVEY, II, individually,
and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ROY D. TAYLOR, et al., <br><br>    Plaintiffs, <br><br>     v. <br><br> FEDEX FREIGHT, INC., et al., <br><br>    Defendants. | **Case No. 5:10-cv-02118 LHK** <br><br> **(PROPOSED) ORDER OF DISMISSAL WITH PREJUDICE AND FINAL JUDGMENT** <br><br> **As Amended** |

The above-referenced class action case ("Action") having come before the Court on January 26, 2012, for an Order of Dismissal with Prejudice and Final Judgment ("Final

1
(PROPOSED) ORDER OF DISMISSAL WITH PREJUDICE AND FINAL JUDGMENT (ver 7.8.11 Rev. 1.13.12)

Judgment"), consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered September 19, 2011, and as set forth in the Parties' Stipulation of Settlement and Class Action Release ("Agreement") in the above-referenced Action, and due and adequate notice having been given to Class Members as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Agreement.

2. Consistent with the definitions provided in the Agreement, the term Class Members includes "All persons who were employed by FedEx Freight West, Inc., (currently known as FedEx Freight, Inc.) as a 'line haul driver,' including pick up and delivery (P&D) drivers to the extent they performed line haul services and were paid for those services pursuant to the line haul pay plan, in California on or after June 18, 2003 through July 23, 2009". The "Class" and "Class Members" excludes those who failed to exclude themselves from the terms of the Settlement.

3. For purposes of the Settlement and this Final Judgment, "Defendant" and/or the "Released Parties" includes Defendant FedEx Freight, Inc. (formerly known as FedEx Freight West, Inc.), its past or present officers, directors, shareholders, successors and predecessors in interest, parents, affiliates, related entities, subsidiaries, managers, employees and any individual or entity which could be jointly liable with Defendants.

4. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Representative Plaintiffs and Class Members.

5. Distribution of the Notice of Pendency of Class Action and Proposed Settlement ("Notice") and Claim Forms (collectively, the "Notice Packet") directed to Class Members as set forth in the Agreement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances.

The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and the Notice fully satisfied the requirements of due process.  All Class Members and all Released Claims are covered by, included with, and subject to the Agreement and this Final Judgment.

6.	The Court hereby finds the Agreement was entered into in good faith following arms length negotiations, and further finds that the Settlement and Agreement is fair, reasonable, and adequate and that the Named Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Federal Rule of Civil Procedure 23.

7.	The Court hereby approves the Settlement as set forth in the Agreement and finds that the Settlement and Agreement are, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to the terms outlined in the Agreement.

8.	As of the date of this Final Judgment and the effective date as set forth in the Agreement ("Effective Date"), all Released Claims of each Class Member are and shall be deemed to be conclusively released as against Released Parties.  All Class Members as of the date of this Final Judgment and the Effective Date of the Agreement are hereby forever barred and enjoined from prosecuting the Released Claims (as defined in the Agreement and as set forth below) against the Released Parties.  As of the Effective Date, and except as to such rights or claims that may be created by the Agreement, Class Members hereby release any and all claims or causes of action that are based on or reasonably relate to the claims asserted in the Complaint by Plaintiffs pursuant to the terms stated in this Agreement), including claims for:  (1) failure to pay minimum and regular wages, waiting time, on-call time, rest time, pre and post trip inspection time, (2)  failure to pay premium wages for missed meal and rest periods, (3) failure to timely and fully pay final wages due at termination, (4) failure to furnish accurate itemized wage statements, (5) unlawful business practices in violation of Business & Professions Code sections 17200, *e.t seq*. related to the alleged claims, (6) recovery of related penalties, interest, actual damages,

liquidated damages, punitive damages, costs, attorneys' fees, injunctive relief or accounting, including penalties based upon the Industrial Welfare Commission Wage Orders and/or under California Labor Code, and (7) penalties under Labor Code section 2698, *et seq*. (the Private Attorneys General Act of 2004, as amended (the "PAGA")) based upon any alleged violation of any Labor Code Section as alleged in the Action, except for Workers Compensation claims. arising from June 18, 2003 through July 23, 2009.  This release also covers any claims resulting from the alleged failure to pay wages, including, but not limited to any claims that the settlement amounts or amounts that are claimed to be owed have any effect on the eligibility for, or calculation of, any employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of the Class Members.

9. As of the date of this Final Judgment and the effective date as set forth in the Agreement ("Effective Date"), each and all claims of Plaintiffs Roy D. Taylor, Thomas J. Wood, Arletha Flud and Earnest C. Harvey, II are and shall be deemed to be conclusively released as against Released Parties, including not only those claims that are asserted or could have been asserted in the Action, but also any and all claims for any reason, known or unknown, for any relief including damages, wages, punitive damages, interest, attorney fees, litigation costs and any other relief of any kind, except for general Workers Compensation claims (not to include Labor Code section 132a claims).

10. Further, Class Members, including Roy D. Taylor, Thomas J. Wood, Arletha Flud and Earnest C. Harvey, II, waive, and relinquish any and all rights and benefits that they may have under Section 1542 of the California Civil Code, or the law of any other state or jurisdiction, or common law principle, to the same or similar effect with regard to the Released Claims.

11. Neither the Settlement nor the Agreement are admissions by any of the Released Parties, nor is this Final Judgment a finding of the validity of any claims in the Action, or of any wrongdoing by any of the Released Parties.

12. The Court hereby enters a judgment of dismissal of the entire Action, with prejudice, as of the filing date of this Final Judgment, and orders the Parties to act in accordance

with and pursuant to the terms set forth in the Agreement. Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and Agreement and all orders entered in connection therewith.

13. The Court hereby finds the Five Million Two Hundred-Fifty Thousand Dollars ($5,250,000.00) in maximum settlement consideration provided for under the Agreement to be fair and reasonable. The Court, therefore, orders Settlement Awards to be made and administered in accordance with the terms of the Agreement to each Eligible Class Member who submits a Claim Form in accordance with the Agreement.

14. The Court hereby confirms Michael L. Carver, Esq. of Law Offices of Michael L. Carver, and Mary-Alice Coleman, Law Office of Mary-Alice Coleman as Class Counsel.

15. Pursuant to the terms of the Agreement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel fees of $1,750,000.00 and costs of $104,996.90 to be paid from the Settlement as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel as set forth in the Agreement.

16. The Court also hereby confirms Named Plaintiffs as Class Representatives and authorizes payment to Plaintiffs Roy D. Taylor Class Representative Service Fees in the amount of $25,000.00, Thomas J. Wood and Earnest C. Harvey, II Class Representatives Service Fees in the amount of $17,500.00 each from the Settlement Fund, and further authorizes payment to Plaintiff Arletha Flud a Class Representative Service Fee in the amount of $10,000.00 from the Settlement Fund.

17. The Court also orders that a Claims Administration Payment in the amount of $16,000.00 be paid to the Claims Administrator, Simpluris, Inc., from the Settlement Fund for the costs of administration.

18. The Court further finds under the California Labor Codes' Private Attorneys General Act ("PAGA"), California Labor Code Sections 2699, *et seq.*, that a PAGA payment

1  amount of $20,000.00 is reasonable, and orders that such payment be apportioned as follows:
2  $15,000.00 to the Labor and Workforce Development Agency, and $5,000.00 to the Claimants, to
3  be distributed pursuant to the claims process defined in the Agreement.

   19.   If the Settlement does not become final and effective in accordance with the terms of the Agreement, then this Final Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

   20.   The proceeds from any uncashed checks shall be sent to cy pres as agreed by the parties within 140 days after the Effective Date of this Settlement, and within 10 days thereafter, the Claims Administrator shall file a declaration of compliance with this Court.

**IT IS SO ORDERED.**

Dated: January 27, 2012

*Lucy H. Koh*
United States District Court Judge